IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>DERRICK SMARR | Criminal Action No.<br><br>1:20-CR-379-05-MLB |

**SENTENCING MEMORANDUM**

Comes now the United States of America, by Kurt R. Erskine, Acting United States Attorney for the Northern District of Georgia, and Teresa M. Stolze and Calvin A. Leipold, III Assistant United States Attorneys, and submits the following Sentencing Memorandum addressing the advisory guidelines range applicable to the Defendant and the Government's recommendation for an appropriate sentence based on the factors set out in Title 18, United States Code, Section 3553(a).

## Introduction

Defendant, Derrick Smarr, entered a guilty plea on December 2, 2020 to Count One of the Criminal Indictment which charged Defendant with conspiracy to possess with the intent to distribute a controlled substance, said conspiracy involving at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B) and Title 21, United States Code, Section 846. (Doc. 1).

The United States Probation Office issued its final Pre-Sentence Investigation Report ("PSR") on February 1, 2021.  The PSR determined that the base offense level of the United States Sentencing Guidelines ("U.S.S.G."), for Count One, is level 30.  (PSR ¶ 33.)  Defendant and the Government have previously agreed the base offense level of 30 is correct. (Doc. 63, attachment 1, ¶15).

The PSR then applies a two-level downward adjustment for safety valve pursuant to U.S.S.G. § 2D1.1(b)(18) because Defendant meets the criteria set forth in subdivisions (1)-(5) of subsections (a) of § 5C1.2.  (PSR ¶ 34).  Both Defendant and Government agree the two-point downward adjustment for safety valve applies and that Defendant qualifies for safety valve under the provisions of the First Step Act.

Next, the PSR applies a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b).  (PSR ¶ 40). Defendant and the Government also agree this adjustment applies.  (Doc. 19, attachment 1, ¶ 16).  With a three-level decrease for acceptance of responsibility, the Adjusted Offense Level drops to level 25.

The PSR also applies an additional two-level downward adjustment based on the PSR's finding that Defendant was a minor participant in the criminal activity pursuant to U.S.S.G. § 3B1.2(b).  (PSR ¶ 36).  As discussed below, the Government objects to the two-level downward adjustment for role and the finding that Defendant was a minor participant. (PSR ¶ 36).  Defendant also

objected, arguing the two-level adjustment does not go far enough and that he should receive a three-level downward adjustment for role in the offense. (*Id*.) If the Court adopts the findings in the PSR and does apply the two-level downward adjustment recommended by probation, the total offense level would then drop to level 23. (PSR ¶ 41).

The final PSR determined that Defendant has a Criminal History Score of 2 and a Criminal History Category ("CH") of II. (PSR ¶¶ 52-3.) The Government had no objection to this calculation. The corresponding advisory guidelines range for Offense Level 23, as recommended in the PSR, and CH II is a term of imprisonment of 51-63 months. (PSR, Part D. Sentencing Options.).

As further discussed below, based on the factors set forth in Title 18, United States Code, Section 3553(a) and as noted in the PSR, the Government agreed in the plea agreement to recommend a the low-end of the guidelines after the Defendant's Guidelines are calculated. (Doc. 19, attachment 1, ¶ 25).

As the Government objects to the two-level downward adjustment for role in the offense, the Government believes the correct offense level is 25. The corresponding advisory guidelines range for Offense Level 25 and CH II is a term of imprisonment of 63-78 months. The Government will make its specific sentencing recommendation in a separate filing, but argues herein that 1) the two-level downward adjustment for role does not apply, and 2) a low end

sentence with of a guideline range of 63-78 months is appropriate in consideration of the factors under Title 18, United States Code, Section 3553(a).

## I. The two-level downward adjustment for role in the offense should not be applied.

The PSR applied a two-level downward adjustment for role in the offense pursuant to U.S.S.G. § 3B1.2(b), finding that Defendant was a minor participant in the criminal activity. The PSR reasons:

> defendant served as a courier of narcotics from Atlanta to Charlotte on several occasions. In no case did he set the price of the narcotics, determine the amount to be transported, or arrange for the sale of the narcotics. Further, the defendant has been held accountable for narcotics beyond which he personally delivered. Accordingly, a mitigating role adjustment is warranted.

(PSR ¶ 36).

Defendant should not receive the two-level downward adjustment because he does not qualify as a minor participant. Defendant was indicted for transporting narcotics not merely one or two times, but on at least three occasions. Although Defendant did not know the exact amount or type of drugs being transported, he knew co-defendant Faulks transported narcotics to Little's customers and that he was being paid for his services as the driver for Faulks. (PSR ¶ 28). Additionally, application note 3 of U.S.S.G. 3B1.2 explains the "minor participant" category is reserved for those persons "substantially less culpable than average participant." Defendant knew he was driving and couriering drugs across state lines and was being paid to do

so on multiple occasions, his actions are not "substantially less culpable than average" drug couriers.

The application note goes on to explain "a defendant who is accountable under § 2B1.3 (relevant conduct) *only* for the conduct in which the defendant was personally involved and who preformed a limited function in the criminal activity may receive an adjustment under this guideline." However, as pointed out in the PSR, Defendant is accountable for narcotics *beyond* those for which he was personally involved. Because Defendant is accountable for a quantity of drugs beyond those he "personally transported or stored;" he does not fit the "example" provided in the application note as someone convicted of a drug trafficking offense who may receive an adjustment under this guideline.

Finally, the application note also explains that whether to apply subsection (a), (b), or something in between is "based on the totality of the circumstances." Here, Defendant was responsible for driving / transporting Faulks and the drugs to North Carolina and the money back to Atlanta. While a narrow responsibility, he was responsible for his role the scheme and for the narcotics transported and sold with his help. Defendant also personally benefited from the criminal activity as he was paid for each trip. Based on these factors, the Court should find Defendant's role in conspiracy,

while not major, was that of an average participant and therefore the two-level downward adjustment does not apply.

## II. A guideline range of 63-78 months is reasonable considering the factors set forth in 18, United States Code, Section 3553(a).

The Court must first correctly calculate the applicable Guidelines range, and then consider the § 3553(a) factors in determining the appropriate sentence. Section 3553(a) requires district courts to consider the following factors in imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect (A) the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to provide general deterrence; (C) to provide specific deterrence; and (D) to provide the defendant with appropriate rehabilitation options; (3) the kinds of sentences available; (4) the advisory Guidelines range; (5) the Guidelines' policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution. 18 U.S.C. § 3553(a)(1)–(7). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted).

As explained above, the Government argues a guideline range of 63-78 months (which includes no adjustment for role in the offense but does include downward adjustments for safety valve and acceptance of responsibility) is reasonable. Such a guideline range is a lengthy and serious sentence, but one

that is appropriate and no longer than necessary to address the seriousness of the offense, provide sufficient deterrence, and to protect the public.

Defendant and co-defendant Faulks transported several kilograms of cocaine and heroin, extremely dangerous and addictive controlled substances, across state lines on multiple occasions. They also retrieved over $35,000.00 in drug proceeds for co-defendant Little.  (PSR ¶ 26). Defendant's willingness to participate in this scheme and be paid to do so, despite a criminal history of pervious drug arrests and at least 4 pervious drug convictions, shows a need for a serious sentence to deter Defendant from this same conduct in the future and protect the public from dangerous substances.  (PSR ¶¶ 45, 47, 49, and 50).

A guideline range of 63-78 months is also appropriate given the specific circumstances of this case, including, among other circumstances, the amount of controlled substances at issue (several kilograms), Defendant's position in the conspiracy (as discussed above, while not a leader Defendant was not a minimal participant given the number of times he completed these trips), and Defendant's quick acceptance of responsibility.  Defendant agreed to enter a plea of guilty barely over 1 month after his indictment, choosing not to file any evidentiary motions, and saving the Government significant time and resources.

The Government also requests leave of the Court to provide additional information regarding its recommended sentence at the sentencing hearing.

## Conclusion

Wherefore, the government respectfully urges the Court to find that the correct guideline range in this case is 63-78 months which is appropriate under the considerations of 3553(a).

May 20, 2021

    Respectfully submitted,

                                Kurt R. Erskine
                                  *Acting United States Attorney*

                                Teresa M. Stolze
                                  *Assistant United States Attorney*
                                Georgia Bar No. 151873
                                Teresa.stolze@usdoj.gov
                                *600 U.S. Courthouse*
                                *75 Ted Turner Drive S.W.*
                                *Atlanta, GA 30303*
                                *(404) 581-6027*

                                Calvin A. Leipold, III
                                  *Assistant United States Attorney*
                                Georgia Bar No. 442379
                                Calvin.leipold@usdoj.gov
                                *600 U.S. Courthouse*
                                *75 Ted Turner Drive S.W.*
                                *Atlanta, GA 30303*
                                *(404) 581-6000*
                                *fax (404) 581-6181*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing Sentencing Memorandum today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

May 20, 2021

                                           /s/ *TERESA M. STOLZE*
                                           Teresa M. Stolze
                                           *Assistant United States Attorney*